DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Appellant,

v.

**SANDRA L. MATTSON,**
as Personal Representative of the Estate of Eleanor Konzelman,
Appellee.

No. 4D16-4310

[March 16, 2022]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case Nos. 062008CA019620AXXXCE and 062008CA080000AXXXCE.

Ashley C. Parrish of King & Spalding LLP, Washington, D.C., and William L. Durham II and Val Leppert of King & Spalding LLP, Atlanta, Georgia, for appellant.

John S. Mills and Courtney Brewer of The Mills Firm, P.A., Tallahassee, and Eric Rosen of Rosen Injury Law, P.A., Fort Lauderdale, for appellee.

### *ON REMAND FROM THE SUPREME COURT OF FLORIDA*

PER CURIAM.

In *R.J. Reynolds Tobacco Co. v. Konzelman*, 248 So. 3d 134 (Fla. 4th DCA 2018), we concluded that the pre-1999 version of section 768.73, Florida Statutes, applies in an *Engle* progeny personal injury suit that is converted into a wrongful death action upon the smoker's death.

In *R.J. Reynolds Tobacco Co. v. Mattson*, SC18-1550, 2022 WL 500290 (Fla. Feb. 18, 2022)[1], our supreme court quashed *Konzelman* and remanded with instructions for reconsideration upon application of the decision in *Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114 (Fla. 2021). In *Sheffield*, the supreme court held that the 1999 amendments to section 768.73 apply to *Engle* progeny wrongful death actions in which the decedent died after October 1, 1999.

---

[1] Mattson was substituted as appellee after the personal representative, Alan Konzelman, passed away.

Based on *Sheffield*, we reverse and remand to the trial court for application of the amended version of section 768.73 in determining the punitive damage award as required by *Sheffield*.

*Reversed and remanded with instructions.*

CONNER, C.J., LEVINE and FORST, JJ., concur.

\*　　　\*　　　\*

**No further motions for rehearing shall be permitted.**